# United States Court of Appeals
# for the Federal Circuit

MARK A. BARRY,

*Plaintiff-Appellant*

*v.*

DEPUY SYNTHES COMPANIES,

*Defendant*

DEPUY SYNTHES SALES, INC., trading as DePuy Synthes Spine,
MEDICAL DEVICE BUSINESS SERVICES, INC.,
DEPUY SYNTHES PRODUCTS, INC.,

*Defendants-Appellees*

*Appeal from the United States District Court for the Eastern District of Pennsylvania in No. 2:17-cv-03003-PD, Judge Paul Diamond*

**CORRECTED BRIEF OF LAWYERS FOR CIVIL JUSTICE
AS *AMICUS CURIAE*
IN SUPPORT OF DEFENDANTS-APPELLEES'
PETITION FOR REHEARING *EN BANC***

Matthias A. Kamber
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, CA 94111
(415) 856-7000

*Counsel for Amicus Curiae
Lawyers for Civil Justice*

# CERTIFICATE OF INTEREST

Counsel for *Amicus Curiae* Lawyers for Civil Justice:

| 1. Provide the full names of all entities represented by undersigned counsel in this case. | 2. Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. | 3. Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. |
|---|---|---|
| Lawyers for Civil Justice | None | None |

4. The names of all law firms and the partners or associates that appeared for the party now represented by me in the agency or are expected to appear in this Court (and who have not or will not enter an appearance in this case) are:

    Not Applicable (amicus)

5. Other than the originating case(s) for this case, are there related or prior art cases that meet the criteria under Fed. Cir. R. 47.5(a).

    Not Applicable (amicus)

6. Information required by Federal Rule of Appellate Procedure 26.1(b) and (c) that identifies organizational victims in criminal cases and debtors and trustees in bankruptcy cases.

    Not Applicable

| April 9, 2026 | | /s/ *Matthias A. Kamber* |
|---|---|---|
| | | Matthias A. Kamber<br>Paul Hastings LLP<br>101 California Street, 48th Floor<br>San Francisco, CA 94111<br>(415) 856-7000 |

# TABLE OF CONTENTS

STATEMENT OF INTEREST.................................................................................1

SUMMARY OF ARGUMENT ..............................................................................4

ARGUMENT ........................................................................................................5

I.    The Court Should Grant the Petition to Clarify How Rule 702 Governs the Admissibility of Expert Testimony.................................................5

    A.    Rule 702 sets the admissibility standard. ..................................5

    B.    Rule 702 was amended to scuttle the inaccurate gatekeeping characterizations that courts perpetuated. ..................................6

    C.    The panel majority applied the wrong admissibility standard. .................8

    D.    Correction is needed to ensure district courts do not apply the wrong admissibility standard..................................................10

    E.    The panel majority's gatekeeping conception is an outlier.....................10

CONCLUSION .................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barry v. DePuy Synthes Co.*,
164 F.4th 896 (Fed. Cir. 2026) ...................................................8, 9, 10

*Beech Aircraft Corp. v. Rainey*,
488 U.S. 153 (1988)..................................................................................4

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1993)...............................................................................5, 9

*EcoFactor, Inc. v. Google LLC*,
137 F.4th 1333 (Fed. Cir. 2025) .................................................*passim*

*Engilis v. Monsanto Co.*,
151 F.4th 1040 (9th Cir. 2025) ..............................................................11

*Herman v. Sig Sauer Inc.*,
No. 23-6136, 2025 WL 1672350 (10th Cir. 2025)..............................11

*In re Onglyza (Saxagliptin) and Kombiglyze (Saxagliptin and Metformin) Prods. Liab. Litig.*,
93 F.4th 339 (6th Cir. 2024) ..................................................................11

*In re Paoli R.R. Yard PCB Litig.*,
35 F.3d 717 (3d Cir. 1994) ......................................................................5

*Sardis v. Overhead Door Corp.*,
10 F.4th 268 (4th Cir. 2021) ....................................................................8

*Sprafka v. Med. Device Bus. Servs., Inc.*,
139 F.4th 656 (8th Cir. 2025) ..........................................................10, 11

*Williams v. BP Exploration & Production, Inc.*,
143 F.4th 593 (5th Cir. 2025) ................................................................11

**Statutes**

28 U.S.C. § 2072(a) ...................................................................................6

28 U.S.C. § 2072(b) ............................................................................................6

**Other Authorities**

Communication from the Chief Justice Transmitting Amendments to
the Federal Rules of Evidence (Apr. 2023),
https://www.govinfo.gov/content/pkg/CDOC-
118hdoc33/pdf/CDOC-118hdoc33.pdf ...............................................................6

Federal Rule of Evidence 702.......................................................................*passim*

Memorandum from Hon. Patrick J. Schiltz, Chair, Advisory
Committee on Evidence Rules to Hon. John D. Bates, Chair,
Standing Committee on Rules of Practice and Procedure, *Report of
the Advisory Committee on Evidence Rules* (May 15, 2022),
COMMITTEE ON RULES OF PRACTICE & PROCEDURE
JUNE 2022 AGENDA BOOK 866 (2022),
https://www.uscourts.gov/sites/default/files/2022-
06_standing_committee_agenda_book_final.pdf...................................................7

Lawyers for Civil Justice, *Clarity and Emphasis: The Committee's
Proposed Rule 702 Amendment Would Provide Much-Needed
Guidance About the Proper Standards for Admissibility of Expert
Evidence and the Reliable Application of an Expert's Basis and
Methodology*, Comment to the Advisory Committee on Evidence
Rules (Sep. 1, 2021),
https://static1.squarespace.com/static/640b6c7e5b8934552d35ab05
/t/64872bd8aa883f4ddeae6382/1686580184749/lcj_public_comme
nt_on_rule_702_amendment_sept_1_2021.pdf .....................................................1

Lawyers for Civil Justice, *Why Loudermill Speaks Louder than the
Rule: A "DNA" Analysis of Rule 702 Case Law Shows that Courts
Continue to Rely on Pre-Daubert Standards Without
Understanding that the 2000 Amendment Changed the Law*,
Comment to the Advisory Committee on Evidence Rules and its
Rule 702 Subcommittee (Oct. 20, 2020),
https://www.uscourts.gov/sites/default/files/20-ev-
y_suggestion_from_lawyers_for_civil_justice_-_rule_702_0.pdf.......................1

iii

Memorandum from Daniel J. Capra and Liesa L. Richter, Reporters, Advisory Committee on Evidence Rules, to Advisory Committee on Evidence Rules, *Possible Amendment to Rule 702* (Apr. 1, 2022), ADVISORY COMMITTEE ON EVIDENCE RULES MAY 2022 AGENDA BOOK 125 (2022), https://www.uscourts.gov/sites/default/files/evidence_agenda_boo k_may_6_2022.pdf ...................................................................................7

Memorandum from Daniel J. Capra and Liesa L. Richter, Reporters, Advisory Committee on Evidence Rules, to Advisory Committee on Evidence Rules, *Possible Amendment to Rule 702* (Oct. 1, 2021), ADVISORY COMMITTEE ON EVIDENCE RULES NOVEMBER 2021 AGENDA BOOK 135 (2021), https://www.uscourts.gov/sites/default/files/advisory_committee_o n_evidence_rules_agenda_book_november_202110-19_0.pdf ..........................2

Draft Minutes, Meeting of the Committee on Rules of Practice & Procedure,  (Jan. 5, 2021), ADVISORY COMMITTEE ON EVIDENCE RULES APRIL 2021 AGENDA BOOK 36 (2021), https://www.uscourts.gov/sites/default/files/advisory_committee_o n_evidence_rules_-_agenda_book_spring_2021.pdf...........................................7

Thomas D. Schroeder, *Toward a More Apparent Approach to Considering the Admission of Expert Testimony*, 95 NOTRE DAME L. REV. 2039 (2020)...........................................................................................6

Lawyers for Civil Justice ("LCJ") is a national coalition of corporations, defense trial lawyer organizations, and law firms that promotes excellence and fairness in the civil justice system.[2] Since 1987, LCJ has advocated for procedural rule reforms that (1) promote balance in the civil justice system, (2) reduce the costs and burdens associated with litigation, and (3) advance predictability and efficiency in litigation. LCJ often urges revisions to the Federal Rules of Civil Procedure and Federal Rules of Evidence.

LCJ's participation in the rulemaking process has given LCJ specific expertise on the meaning, history, and application of Federal Rule of Evidence 702. LCJ provided extensive comments and original research to the Judicial Conference Advisory Committee on Evidence Rules,[3] which unanimously recommended

---

[1] No party's counsel authored this brief in whole or in part. No entity, other than *amicus*, funded this brief's preparation or submission.

[2] LCJ's members are listed on the "About" tab of the LCJ website. https://www.lfcj.com/about.

[3] *E.g.*, Lawyers for Civil Justice, *Clarity and Emphasis: The Committee's Proposed Rule 702 Amendment Would Provide Much-Needed Guidance About the Proper Standards for Admissibility of Expert Evidence and the Reliable Application of an Expert's Basis and Methodology*, Comment to the Advisory Committee on Evidence Rules (Sept. 1, 2021), https://static1.squarespace.com/static/640b6c7e5b8934552 d35ab05/t/64872bd8aa883f4ddeae6382/1686580184749/lcj_public_comment_on_ rule_702_amendment_sept_1_2021.pdf; Lawyers for Civil Justice, *Why Loudermill Speaks Louder than the Rule: A "DNA" Analysis of Rule 702 Case Law Shows that Courts Continue to Rely on Pre-Daubert Standards Without Understanding that the 2000 Amendment Changed the Law*, Comment to the Advisory Committee on

amendments to Rule 702 that took effect on December 1, 2023. LCJ's analysis revealed widespread misunderstanding of Rule 702's requirements. Although each element enumerated in the rule is a prerequisite to admission, LCJ found that many courts fail to recognize that the sufficiency of an expert's factual basis and the reliability of the expert's methodological application to the case facts are gatekeeping assessments for the court. To address the problems it identified, LCJ advocated for specific revisions, including adding an explicit reference to the court as the decision-maker, so that Rule 702 would give unmistakable direction about judges' gatekeeping responsibilities.[4]

The issues presented in the pending Petition for Rehearing En Banc lie at the core of LCJ's mission and its work on Rule 702. The 2023 amendment highlighted a district court's gatekeeping role and clarified that expert testimony may be

---

Evidence Rules and its Rule 702 Subcommittee (Oct. 20, 2020), https://://www.uscourts.gov/sites/default/files/20-ev-y_suggestion_from_lawyers_for_civil_justice_-_rule_702_0.pdf (uscourts.gov).

[4] *See* Memorandum from Daniel J. Capra and Liesa L. Richter, Reporters, Advisory Committee on Evidence Rules, to Advisory Committee on Evidence Rules, *Possible Amendment to Rule 702* (Oct. 1, 2021) at 4, *in* ADVISORY COMMITTEE ON EVIDENCE RULES NOVEMBER 2021 AGENDA BOOK 135 (2021), https://www.uscourts.gov/sites/default/files/advisory_committee_on_evidence_rul es_agenda_book_november_202110-19_0.pdf ("LCJ's suggestion to reinsert a reference to the court has much to commend it. . . . Given the fact that the reason the rule is being amended is that some courts did not construe the 2000 amendment properly, it makes eminent sense to make it as explicit as possible."). LCJ's recommended change was included in the enacted version of the 2023 amendment.

admitted *only* if the opinions fulfill *all* of Rule 702's requirements by a preponderance of the evidence. Despite this directive, many courts—including the panel majority here—continue to misconstrue the admissibility criteria. District courts need guidance that their gatekeeping assessments must comport with the directives in Rule 702, and that they must stop evaluating expert admissibility based on caselaw that conflicts with the rule's revised language. This case provides a prime opportunity for the Court to clarify the application of Rule 702.

This brief will assist the Court to address the issues presented because the panel majority ignored the text of Rule 702 and instead employed an incorrect admissibility standard. This approach to gatekeeping is exactly what the 2023 amendment was intended to stop and what the Court recently sought to clarify in *EcoFactor, Inc. v. Google LLC*, 137 F.4th 1333 (Fed. Cir. 2025). Another *en banc* appears necessary to resolve the confusion.

## SUMMARY OF ARGUMENT

The panel majority applied an incorrect legal standard when it reversed the district court's exclusion of Plaintiff's expert witnesses Drs. Yassir and Neal. Federal Rule of Evidence 702 was amended in 2023 to correct gatekeeping errors like the one the panel majority made.

The 2023 amendment addressed some courts' failure to consider two essential reliability factors enumerated in Rule 702:

> many courts have held that the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight and not admissibility. *These rulings are an incorrect application of Rules 702 and 104(a)*.

Fed. R. Evid. 702 advisory committee's note to 2023 amendment (emphasis added).[5] By changing Rule 702, the amendment clarified that "expert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule." *Id*.

The panel majority's approach disregards the explicit admissibility requirements of Rule 702(b) and 702(d) and is incompatible with the amendment.

---

[5]  Where, as with Rule 702, "Congress did not amend the Advisory Committee's draft in any way . . . the Committee's commentary is particularly relevant in determining the meaning of the document Congress enacted." *Beech Aircraft Corp. v. Raine*y, 488 U.S. 153, 165–66 n.9 (1988).

Each element of Rule 702 provides independent grounds for exclusion. As the Advisory Committee put it, "*any* step that renders the analysis unreliable . . . renders the expert's testimony inadmissible."[6]

The Court should grant the Petition to prevent the corrective purpose of the 2023 amendment from being thwarted. Contrary to *EcoFactor*, the panel decision creates a distinct risk that the panel majority's improper application of Rule 702 will be perpetuated by district courts and other panels of this Court. Further, if the panel majority's holding is allowed to stand, the Federal Circuit will fall out of alignment with other Circuits that have confirmed expert admissibility assessments must conform to the text of Rule 702. Granting the Petition will allow the Court to affirm with a clear voice that Rule 702, and not outdated caselaw, establishes the expert admissibility analysis judges must employ as gatekeepers.

## ARGUMENT

**I.      The Court Should Grant the Petition to Clarify How Rule 702 Governs the Admissibility of Expert Testimony.**

**A.      Rule 702 sets the admissibility standard.**

Rule 702 is the bedrock authority "governing expert testimony" and establishes the criteria for admission. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588–89 (1993). The Rules Enabling Act empowers the U.S. Supreme

---

[6] Fed. R. Evid. 702 advisory committee's note to 2000 amendment (emphasis original) (quoting *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 745 (3d Cir. 1994)).

Court to prescribe "rules of evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals." 28 U.S.C. § 2072(a). As a rule of evidence adopted by the Supreme Court[7] and enacted under the Rules Enabling Act, Rule 702 supersedes any inconsistent law. 28 U.S.C. § 2072(b). Although Rule 702 provides courts discretion to decide what expert evidence is admissible, it does not grant discretion to decide what admissibility standard to apply. Thus, "the elements of Rule 702, not the caselaw, are the starting point for the requirements of admissibility."[8]

### B. Rule 702 was amended to scuttle the inaccurate gatekeeping characterizations that courts perpetuated.

Rule 702 was amended to correct erroneous practices in which courts failed to consider all the admissibility prerequisites. Before the 2023 amendment, courts often misstated and misapplied Rule 702:

> It is clear that a judge should not allow expert testimony without determining that all requirements of Rule 702 are met by a preponderance of the evidence. . . . *It is not*

---

[7] *See* Communication from the Chief Justice Transmitting Amendments to the Federal Rules of Evidence, at 1, 7 (Apr. 2023), https://www.govinfo.gov/content/pkg/CDOC-118hdoc33/pdf/CDOC-118hdoc33.pdf.

[8] Thomas D. Schroeder, *Toward a More Apparent Approach to Considering the Admission of Expert Testimony*, 95 NOTRE DAME L. REV. 2039, 2060 (2020). Judge Schroeder was Chair of the Advisory Committee on Evidence Rules' Subcommittee on Rule 702 during the rulemaking process that produced the 2023 amendment. *Id.* at 2039 n.a1.

> *appropriate for these determinations to be punted to the jury, but judges often do so.*[9]

The Advisory Committee designed the 2023 amendment to stop courts from repeating these errors:

> the Committee resolved to respond to the fact that many courts have declared that the reliability requirements set forth in Rule 702(b) and (d) – that the expert has relied on sufficient facts or data and has reliably applied a reliable methodology – are questions of weight and not admissibility, and more broadly that expert testimony is presumed to be admissible. *These statements misstate Rule 702*, because its admissibility requirements must be established to a court by a preponderance of the evidence.[10]

After the 2023 amendment, it is "certainly incorrect" for a court to declare that assessing whether sufficient facts or data support the expert's opinions "is a question for the jury, not the court."[11]

---

[9] Draft Minutes, Meeting of the Committee on Rules of Practice & Procedure (Jan. 5, 2021) at 25, *in* ADVISORY COMMITTEE ON EVIDENCE RULES APRIL 2021 AGENDA BOOK 36 (2021), https://www.uscourts.gov/sites/default/files/advisory_committee_on_evidence_rul es_-_agenda_book_spring_2021.pdf (emphasis added).

[10] Memorandum from Hon. Patrick J. Schiltz, Chair, Advisory Committee on Evidence Rules to Hon. John D. Bates, Chair, Standing Committee on Rules of Practice and Procedure, *Report of the Advisory Committee on Evidence Rules* (May 15, 2022) at 6, *in* COMMITTEE ON RULES OF PRACTICE & PROCEDURE JUNE 2022 AGENDA BOOK 866 (2022), https://www.uscourts.gov/sites/default/files/2022-06_standing_committee_agenda_book_final.pdf (emphasis added).

[11] Memorandum from Daniel J. Capra and Liesa L. Richter, Reporters, Advisory Committee on Evidence Rules, to Advisory Committee on Evidence Rules, *Possible Amendment to Rule 702* (Apr. 1, 2022) at 24–25, *in* ADVISORY COMMITTEE ON EVIDENCE RULES MAY 2022 AGENDA BOOK 125 (2022),

Reflecting this corrective purpose, Rule 702 now emphasizes that expert testimony "may not be admitted" unless the proponent demonstrates by a preponderance of proof that the proffered opinion satisfies each of the requirements set forth in the rule. As this Court recently noted, the 2023 amendment clarified "that the proponent of expert testimony bears the burden of establishing its admissibility and to emphasize that an expert's opinion must stay within the bounds of a reliable application of the expert's basis and methodology." *EcoFactor*, 137 F. 4th at 1339; *see also Sardis v. Overhead Door Corp.*, 10 F.4th 268, 283 (4th Cir. 2021) (noting the Advisory Committee's declaration that judges must "apply the preponderance standard of admissibility to Rule 702's requirements").

### C.    The panel majority applied the wrong admissibility standard.

The panel majority overturned the district court based on archaic caselaw displaced by the text of amended Rule 702. This was legal error.

The panel majority repeatedly relied on the adage that the weight and credibility of the experts' opinions should be evaluated by the jury as finder or fact. For example, the panel majority said that "DePuy's challenges, and the purported flaws the district court found in Neal's survey and methodology, go to the weight the jury might accord to that evidence and not to its admissibility." *Barry v. DePuy*

---

https://www.uscourts.gov/sites/default/files/evidence_agenda_book_may_6_2022.pdf.

*Synthes Co.*, 164 F.4th 896, 912 (Fed. Cir. 2026) (citing two cases addressing the pre-amendment version of Rule 702 and another case that did not address Rule 702). The district court's exclusion of the opinions of Drs. Yassari and Neal under Rule 702(b) was, in the eyes of the panel majority, an abuse of discretion. *Id.* at 899, 909–10, 912.

In so ruling, the panel majority focused on the district court's reversal of its own prior *Daubert* rulings. As the panel majority noted, "[i]n granting DePuy's renewed motion to strike Neal during trial, the district court recognized that 'a survey's methodological deficiencies *generally* go to its evidentiary weight rather than to its admissibility.'" *Id.* at 912. It also cited the district court's prior ruling that "flaws in an expert's methodology *usually* go to the weight, not the admissibility of the expert's evidence." *Id.* The panel majority then faulted the district court for not identifying "persuasive reasons for finding this case to be an exception" and therefore found an abuse of discretion. *Id.*

In short, the district court was reversed for treating a methodological flaw in the expert's analysis as going to admissibility instead of weight. This turns amended Rule 702 on its head. The panel majority's rejection of judicial gatekeeping of a methodological flaw in favor of having the jury consider its weight is an instance of the "incorrect application of Rules 702 and 104(a)" identified by the Advisory

Committee as motivating the need for the 2023 amendment. Fed. R. Evid. 702 advisory committee's note to 2023 amendment.

### D. Correction is needed to ensure district courts do not apply the wrong admissibility standard.

The panel majority's use of the wrong gatekeeping standard requires corrective action, as highlighted by the dissent. "The majority's approach —where everything's a fact or weight issue for the jury—contravenes the principles embraced in *EcoFactor* and the 2023 amendments, and in my view will undermine district courts' abilities to exercise their important gatekeeping function." *Barry*, 164 F. 4th at 913. That is, by turning questions into ones about facts or weight instead of methodology, "seriously undermines district courts' abilities to carry out their important gatekeeping responsibility." *Id*. at 919.

The Court needs to remedy this confusion and provide direction that Rule 702 requires courts to assess as an admissibility consideration whether the expert's opinions are methodologically sound or have a sufficient factual basis. Only after making that determination should the factfinder assess the weight of that evidence.

### E. The panel majority's gatekeeping conception is an outlier.

Other Circuits that have addressed the 2023 amendment consistently recognize that it requires the trial court to determine that all of the admissibility prerequisites—including that the opinions have a sufficient methodological or factual basis—are established by a preponderance of proof. *See, e.g., Sprafka v.*

*Med. Device Bus. Servs., Inc.*, 139 F.4th 656, 660 (8th Cir. 2025) (quoting Fed. R. Evid. 702 advisory committee's note to 2023 amendment); *In re Onglyza (Saxagliptin) and Kombiglyze (Saxagliptin and Metformin) Prods. Liab. Litig.*, 93 F.4th 339, 348 n.7 (6th Cir. 2024). They understand that the 2023 amendment came into existence "*to correct* some court decisions *incorrectly holding*" that the sufficiency of an expert's basis is a matter of "weight and not admissibility.'" *In re Onglyza*,93 F.4th at 348 n.7 (emphasis added) (quotation omitted); *see also Sprafka*, 139 F.4th at 660 n.3 (similar statement).

Accordingly, several Circuits—including this one—have now held that amended Rule 702 requires evaluating whether an expert has identified a sufficient basis for their opinions, and to exclude the opinions where that showing is not made. *See EcoFactor,* 137 F.4th at 1345 (reversing admission of opinion testimony that "was not based on sufficient facts or data, as required by Rule 702(b)."); *Williams v. BP Exploration & Production, Inc.*, 143 F.4th 593, 601 (5th Cir. 2025) (affirming exclusion where district court found expert did not have sufficient factual basis); *Engilis v. Monsanto Co.*, 151 F.4th 1040, 1051–55 (9th Cir. 2025) (same); *Herman v. Sig Sauer Inc.*, No. 23-6136, 2025 WL 1672350 at *6 (10th Cir. 2025) (same), *Sprafka*, 139 F.4th at 661 (same); *In re Onglyza*, 93 F.4th at 347 (same).

The panel majority's conception of gatekeeping, however, stands as an obstacle to achieving the uniformity and clarity sought by amended Rule 702. In fact, it perpetuates one of the critical errors that rule change was designed to end.

## CONCLUSION

Because litigants and courts need the Court's corrective guidance that judges must comply with Rule 702's gatekeeping responsibility, the Court should grant the Petition.

April 9, 2026

Respectfully submitted,

/s/ *Matthias A. Kamber*
Matthias A. Kamber
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, CA 94111
(415) 856-7000

*Counsel for Amicus Curiae*
*Lawyers for Civil Justice*

**CERTIFICATE OF SERVICE**

I, Matthias A. Kamber, hereby certify that on April 9, 2026, the foregoing brief was filed using the Court's CM/ECF system and a copy served on the parties' counsel of record via ECF.

April 9, 2026

Respectfully submitted,

/s/ *Matthias A. Kamber*
Matthias A. Kamber

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing Amicus Brief for Lawyers for Civil Justice,

1.     Complies with the typeface and type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and Fed. Cir. Rule 32(b).  This brief contains 2,599 words, excluding the parts of the brief exempted by Fed. R. App. P. 5(c), 21(d), 27(d)(2), 32(f), and Fed. Cir. R. 32(b)(2), as counted by Microsoft Word, which was used to prepare the brief.

2.     Complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6).  This brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman type style.


 April 9, 2026                                    Respectfully submitted,

                                                 /s/ *Matthias A. Kamber*
                                                 Matthias A. Kamber